UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**INLAND BARGE RENTALS, INC**   **CIVIL ACTION NO: 2:21-cv-02167**

**VERSUS**   **DISTRICT JUDGE**
**HON. NANNETTE J BROWN**

**PONTCHARTRAIN PARTNERS**

**MAGISTRATE JUDGE**
**HON. DANA M DOUGLAS**

**INLAND BARGE RENTALS, INC.'S OPPOSITION
TO PONTCHARTRAIN PARTNERS MOTION TO DISMISS**

Inland Barge Rentals, Inc., chartered some barges to Pontchartrain Partners. Pontchartrain Partners alleges it then sub-chartered the barges to Low Land Construction, Inc, and therefore the subcontractor is a necessary party, and the case should be dismissed. Whether or not Low Land owes Pontchartrain for the subcharter is immaterial because Pontchartrain owes Inland Barge Rentals for Pontchartrain's charter, just like a retailer still owes the wholesaler for products the retailer buys from the wholesaler, even if the retailer has not sold the products. A subcontractor is not a necessary party in a dispute between an owner and a contractor. Pontchartrian cites no cases to the contrary. Inland Barge Rentals has found no cases to the contrary, and Rule 19 does not require the addition of a subcontractor. Therefore Low Land is not a necessary party and Pontchartrain's motion should be denied.

**Standard of Review**

Federal Rule of Civil Procedure 19 calls for the "joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Orpheum Property, Inc. v. Coscina,* No. 17-6480, 2018 WL 1518471, at *3 (E.D. La. Mar. 28, 2018) (citing Fed. R. Civ. P. 19(a)). There are two relevant inquiries pertaining to whether the party should be joined in the lawsuit and if so, whether that party is indispensable. Fed. R. Civ. P. 19. Under Rule 19(a),

joinder of a party is necessary if (1) in the person's absence, complete relief cannot be accorded among the existing parties, or (2) the person claims an interest relating to the subject of the action that could either be impaired or present a risk of incurring multiple or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a).

If joinder is warranted under Rule 19(a), then the party will be brought into the lawsuit, unless such joinder would destroy the court's jurisdiction. *Orpheum Property,* 2018 WL 1518471, at *3. Under such a circumstance, the court must consider the Rule 19(b) factors to determine whether the dispute can press forward without the party or dismiss the litigation altogether. *Id.* These factors include (1) prejudice to the absent or present parties; (2) whether the shaping of relief can lessen the prejudice; (3) whether adequate relief can be given without the absent party; and (4) whether the plaintiff has another effective forum if the suit is dismissed. *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80, 84 (5th Cir. 1997) (citing Fed. R. Civ. P. 19(b)).

**Law and Argument**

This Court's jurisdiction is admiralty jurisdiction, 28 U.S.C. § 1333. If Pontchartrain Partners thought that Low Land were a necessary party, then Pontchartrain would have added Low Land to the lawsuit – Pontchartrain's own claim against Low Land is for the subcharter of barges, which is itself a maritime contract, and even if it were not there would still be jurisdiction under 28 U.S.C. § 1367. Because the addition of Low Land would not destroy jurisdiction in this Court, the proper remedy – if Pontchartrain were right – would not be dismissal, it would be the addition of Low Land.

But this Court need not address the addition of Low Land because the argument that a subcontractor is necessary for resolution of a dispute between an owner and a contractor is wrong.

Under Rule 19(a)(1)(B), Low Land is a necessary party if it claims an interest relating to this case, and disposing of this case without Low Land would: "(i) as a practical matter impair or impede [Low Land's] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Here, Pontchartrain does not dispute that it owes Inland Barge Rentals. It argues that Low Land owes Pontchartrain Partners. But these are entirely consistent positions – Pontchartrain is well within its rights to sue Low Land if Low Land in fact owes Pontchartrain, and Inland Barge is entitled to recover from Pontchartrain regardless of whether Pontchartrain has collected from Low Land. If Pontchartrain rented a car and used it to deliver groceries, Pontchartrain would still owe for the car rental, whether or not it was paid for the groceries. Barges are no different. Rule 19 is concerned with the threat of inconsistent obligations, not multiple litigation. See *Shelton v. Exxon Corp.,* 843 F.2d 212, 218 (5th Cir. 1988). There are innumerable cases where the plaintiff has proceeded against a surety, without the surety's principal. See e.g. *Core Construction Serv's, LLC v. US Specialty Ins. Co.*, C/A No. 16-13447 (E.D. La. March 17, 2017) (collecting cases), which is a much closer issue, with much greater risk of inconsistent obligations, than the matter at hand.

Pontchartrain Partners does not cite, and Inland Barge Rentals has not found, a case where a court has held that a subcontractor is a necessary party in a dispute between an owner and a prime contractor, because Rule 19 has never, to Inland Barge Rentals' knowledge, been held to require a subcontractor's addition. Pontchartrain is free to add Low Land. Pontchartrain is free not to add Low Land. But Pontchartrain chartered barges. It agreed with Inland Barge Rentals to pay for its chartered barges. It has to pay, and it cannot blame its subcontractor.

**Conclusion**

For the foregoing reasons, Pontchartrain's motion to dismiss under Fed. R. Civ. P. 12(b)(7) should be denied.

                                        Respectfully submitted:

                                        **BOHMAN | MORSE, LLC**

                                        /s/Harry E. Morse
                                        HARRY E. MORSE (#31515)
                                        MARTIN S. BOHMAN (#22005)
                                        400 POYDRAS STREET, SUITE 2050
                                        NEW ORLEANS, LA 70130
                                        TELEPHONE: (504) 930-4009
                                        FAX: (888) 217-2744
                                        E-MAIL: HARRY@BOHMANMORSE.COM
                                        E-MAIL: MARTIN@BOHMANMORSE.COM

                                        *Attorneys for Inland Barge Rental, Inc.*