UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INLAND BARGE RENTALS, INC** | **CIVIL ACTION NO: 2:21-cv-02167** |
| **VERSUS** | **DISTRICT JUDGE** |
| | **HON. NANNETTE J BROWN** |
| **PONTCHARTRAIN PARTNERS** | |
| | **MAGISTRATE JUDGE** |
| | **HON. DANA M DOUGLAS** |

### Inland Barge Rentals' Motion for Summary Judgment

Inland Barge Rentals chartered certain barges – the CHLOE, the IBR-247, the IBR-242, the IBR-246, and the IBR-106 – to Pontchartrain Partners pursuant to an oral agreement. Inland Barge Rentals regularly invoiced Pontchartrain Partners for these barges, but Pontchartrain Partners did not pay. Following formal demand, Pontchartrain Partners made a partial payment, but failed to pay the balance. Pontchartrain Partners has never disputed that it owes the money. It only argues that it is in turn owed by its subcontractor to whom it sub-chartered the barges. Whether or not somebody else owes Pontchartrain Partners, Pontchartrain Partners owes Inland Barge Rentals. The summary judgment evidence establishes that Pontchartrain Partners owes IBR $144,394.66, plus interest, and therefore IBR respectfully moves this Court for summary judgment against Pontchartrain Partners for this amount.

### Standard of review: Motion for Summary Judgment

A motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that no genuine issue as to any material fact exists and that the moving party is entitled to a judgment as a matter of law.[1] Pursuant Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden

---

[1] Fed. R. Civ. Proc. 56(c).

of "informing the district court of the basis for its motion, and identifying those portions which it believes demonstrates the absence of genuine issues of material fact."[2]

The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the non-movant's case.[3] In so demonstrating, the movant may rely on the absence of evidence to support essential elements of the opposing party's claim.[4] If the record taken as a whole cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[5] The moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.[6] Once a proper motion for summary judgment has been made, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.[7]

## Law and Argument

The attached declaration of Byron Carline, the owner of Inland Barge Rentals, along with the attached invoices, establishes everything needed for resolution of this matter. Pontchartrain admits it chartered barges from IBR (See Pontchartrain's motion to dismiss, Rec. Doc. 7-1, p. 1 ("PPLLC chartered certain barges (including the IBR-106, the IBR-246, and the IRB-808) from IBR [. . .]")). Pontchartrain instead blames its subcontractor, Low Land.

Pontchartrain bareboat-chartered the barges from IBR. "Because the charter's personnel operate and man the vessel during a demise charter, the charterer has liability for any and all

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871 (1990).
[3] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2002).
[4] *Int'l Assoc. of Machinists and Aerospace Workers AFL-CIO, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc.*, 812 F.2d 219, 222 (5th Cir. 1987) citing *Fontenot v. UpJohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).
[5] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990).
[6] *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).
[7] *Celotex*, 477 U.S. at 324.

casualties resulting from such operation and therefore provides insurance for such liability." *Walker v. Braus*, 995 F.2d 77, 81 (5th Cir. 1993). Pontchartrain does not dispute that it chartered the barges. Instead, Pontchartrain argues that "IBR did not, however, mention Low Land in its Complaint although knowing that Low Land was responsible for any alleged damages and charter fees." For the reasons in IBR's opposition to Pontchartrain's motion to dismiss, Pontchartrain's efforts to blame Low Land are meritless. Pontchartrain may well be owed by Low Land, but whether or not Low Land owes or pays Pontchartrain, Pontchartrain owes IBR.

It is too obvious to require citation that when Pontchartrain charters the barges from IBR, Pontchartrain owes IBR. Not Low Land. Pontchartrain probably did, in fact, sub-charter barges to Low Land, and Low Land may be ultimately responsible to Pontchartrain Partners for the damages to the barge and for the charter hire. But that is a dispute between those two companies. As to the plaintiff here, Inland Barge Rentals, its contract was with Pontchartrain. Pontchartrain took its barges, and now Pontchartrain must pay for the barges it took.

The attached invoices establish the amount owed: $144,394.66, plus interest. The fact of Pontchartrain's partial payment establishes that Pontchartrain is responsible for the debt. Therefore, plaintiff respectfully moves this Court for summary judgment against Pontchartrain Partners for $144,394.66, plus interest.

## Conclusion

For the foregoing reasons, Inland Barge Rentals is owed $144,394.66, plus judicial interest.

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 P<small>OYDRAS</small> S<small>TREET</small>, S<small>UITE</small> 2050
N<small>EW</small> O<small>RLEANS</small>, LA 70130
T<small>ELEPHONE</small>: (504) 930-4009
F<small>AX</small>: (888) 217-2744
E-M<small>AIL</small>: H<small>ARRY</small>@B<small>OHMAN</small>M<small>ORSE</small>.<small>COM</small>
E-M<small>AIL</small>: M<small>ARTIN</small>@B<small>OHMAN</small>M<small>ORSE</small>.<small>COM</small>

*Attorneys for Inland Barge Rental, Inc.*